IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
Submitted on Briefs February 12, 2013

## MARTA VANDALL v. AURORA HEALTHCARE, LLC

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH092539      Walter L. Evans, Chancellor**

_____

**No. W2011-02042-WC-R3-WC - Filed April 24, 2013**

_____


WILLIAM C. KOCH, JR., J., dissenting.

I respectfully disagree with the Court's decision to affirm the trial court's conclusion that Marta Vandall sustained a compensable work-related injury.

In order for an injury to be compensable under the Workers' Compensation Law, it must both arise out of the work and occur in the course of employment. *Wait v. Travelers Indem. Co. of Ill.*, 240 S.W.3d 220, 225 (Tenn. 2007). It is axiomatic that "[t]hese requirements are not synonymous. The requirement that the injury 'arise out of' the work refers to the cause or origin of the injury; while the requirement that the injury occur 'in the course of' the work involves the time, place, and circumstances of the injury." *Padilla v. Twin City Fire Ins. Co.*, 324 S.W.3d 507, 511 (Tenn. 2010) (citations omitted).

It is undisputed that Ms. Vandall, a registered nurse, was working at Allenbrooke Nursing and Rehabilitation Center in Memphis on August 15, 2009, when she fell. She was wearing Croc™ type shoes without socks at the time, despite Allenbrooke's policy against wearing this type of shoe. Following her injury, Ms. Vandall told Allenbrooke's executive director that she believed her shoes were too big.

In support of her workers' compensation claim, Ms. Vandall testified that there were frequent substance spills on the floor at Allenbrooke. However, she candidly conceded that she did not observe any spills on the floor before or after she fell and that she could not identify the substance or condition on the floor that caused her to fall. Consistent with Ms. Vandall's testimony, other Allenbrooke employees present when Ms. Vandall fell testified categorically that they saw no substances or objects on the floor in the vicinity.

An idiopathic fall is a fall caused by a condition of unknown origin. *See Shearon v. Seaman*, 198 S.W.3d 209, 215 (Tenn. Ct. App. 2005). The injuries caused by such falls are

not compensable under the Workers' Compensation Law. *Sudduth v. Williams*, 517 S.W.2d 520, 523 (Tenn. 1974). Thus, "an employee may not recover for an injury occurring while walking unless there is an employment hazard, such as a puddle of water or a step, in addition to the injured employee's ambulation." *Wilhelm v. Krogers*, 235 S.W.3d 122, 128-29 (Tenn. 2007).

Even though the Workers' Compensation Law is to be liberally construed in the injured employee's favor, the employee must still prove all the elements of his or her case by a preponderance of the evidence. *Dixon v. Travelers Indem. Co.*, 336 S.W.3d 532, 536-37 (Tenn. 2011). Here, even taking the trial court's credibility determinations into account, there is no escaping the fact that Ms. Vandall failed to prove that an "employment hazard" caused her to fall. Without this evidence, Ms. Vandall has failed to prove that her injuries arose out of her work. Therefore, the evidence does not support the trial court's conclusion that Ms. Vandall sustained a compensable work-related injury.

_____
WILLIAM C. KOCH, JR., JUSTICE